## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case Nos.   13-CR-168-4 (EGS)** |
| **v.** | : | **13-CR-168-5 (EGS)** |
| | : | |
| **HONG CHAU VO** | : | |
| **TRUC THANH HUYNH** | : | |
| | : | |
| **Defendants.** | : | |

### GOVERNMENT'S CONSOLIDATED OPPOSITION TO MOTIONS BY FORMER DEFENDANTS HONG CHAU VO AND TRUC THANH HUYNH TO QUASH GOVERNMENT SUBPOENAS FOR JAIL HOUSE RECORDINGS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this consolidated opposition to the motions by former defendants Hong Chau Vo and Truc Thanh Huynh to quash the trial subpoenas issued in Defendant Binh Tang Vo's case to the Custodian of Records at the Correctional Treatment Facility in the District of Columbia.  Because Hong Vo and Truc Huynh no longer have cases pending before this Court and are not parties to the case in which the subpoenas were issued, and because Ms. Vo and Ms. Huynh failed to assert any personal right or privilege that is impinged by the subpoenas, they lack standing to challenge the subpoenas and their motions to quash should be denied.

### BACKGROUND

Hong Vo is United States citizen and sister of Defendant Binh Vo.  On May 8, 2013, Ms. Vo was arrested in Denver, Colorado, pursuant to a criminal complaint charging her with one count of conspiracy to commit visa fraud, in violation of 18 U.S.C. § 1546, and bribery, in violation of 18 U.S.C. § 201(b)(1) and (b)(2).

1

On that same day, May 8, 2013, Truc Huynh was arrested on a material witness warrant in Denver, Colorado.  Ms. Huynh is Vietnamese citizen and the first cousin of Defendant Binh Vo and Hong Vo.  Ms. Huynh was held without bond and transported to the District of Columbia.

Ms. Huynh refused to speak with the government after claiming that the United States had no authority over her.  Thereafter, on June 4, 2013, Truc Huynh was arrested pursuant to a criminal complaint charging her with one count of conspiracy to commit visa fraud, in violation of 18 U.S.C. § 1546, and bribery, in violation of 18 U.S.C. § 201(b)(1) and (b)(2).

On June 11, 2013, the government filed an indictment charging Hong Vo, Truc Huynh, Binh Vo, Anhdao Nguyen (Binh Vo's wife, who is also known as Alice Nguyen), and former United States Consular Officer Michael Sestak, with Conspiracy to Commit Offenses against the United States and to Defraud the United States, in violation of 18 U.S.C. § 371.

On July 9, 2013, the government filed a superseding indictment charging the defendants with conspiracy; bribery; fraud and misuse of visas; and aiding and abetting.[1]

Hong Vo and Truc Huynh were both held without bond and detained at the Treatment Facility in the District of Columbia following their detention hearings.

**Hong Chau Vo**

On December 23, 2013, Hong Vo, pled guilty to one count of fraud and misuse of visas, in violation of 18 U.S.C. § 1546. [2]  Ms. Vo was subsequently released by the court, and on March

---

[1] Michael Sestak was also charged with making material false statements to United States investigators.

7, 2014, she was sentenced to a period of incarceration that resulted in no additional jail time, followed by a period of probation. Thereafter, she was served by the government with a subpoena to testify at the trial of Defendant Binh Vo. Mr. Vo's trial is currently scheduled to begin on January 14, 2015.

**Truc Thanh Huynh**

On October 16, 2013, Truc Huynh pled guilty to one count of fraud and misuse of visas, in violation of 18 U.S.C. § 1546.[3] On February 21, 2014, Ms. Huynh was sentenced to 16 months of incarceration.

On July 1, 2014, the Court granted the government's motion to take Ms. Huynh's

---

[2] As part of her plea agreement, Hong Vo signed a Statement of Facts and admitted under oath that she was aware of a scheme involving her brother, Binh Vo, through which individuals paid to have non-immigrant visas approved at the United States Consulate in Ho Chi Minh City. Ms. Vo admitted that she understood that the visas were obtained by fraud and that her brother, Binh Vo, profited from the scheme. Ms. Vo also admitted that in April 2012, her brother Binh Vo asked her during an electronic chat for her bank account information so that Binh Vo could transfer money into her account. Ms. Vo further admitted under oath that she discreetly advertised the scheme, via electronic chats and emails, and targeted individuals whose personal characteristics made it unlikely that their visa applications would be approved. Ms. Vo also admitted that she was the subscriber of a Virtual Private Network ("VPN") serviced by a company located in California, which generated traceable Internet Protocol addresses. On the account, Ms. Vo listed the address for her parents' residence in Colorado. Hong Vo also admitted that between February 2012 and September 2012, approximately 425 visa applications were submitted for approximately 419 applicants from or through the VPN, or through an Internet Protocol address associated with Binh Vo's employer. Ms. Vo also acknowledged that Defendant Sestak caused visas to be approved for approximately 410 of those visa applicants, and that he personally issued 393 of the visas. Ms. Vo admitted that of the 419 applicants, she personally created, prepared, or submitted – or assisted in the creation, preparation, and submission of – at least nine electronic visa applications that were subsequently approved by Michael Sestak. Ms. Vo also admitted that in many cases, she received biographical information and photographs for the visa customers via e-mail. Ms. Vo admitted that for her role in advertising and referring customers to the visa scheme, she received $45,000 in compensation for two referrals. For one of the referrals, Ms. Vo admitted that she received $30,000 from defendant Binh Vo. For the second referral, Ms. Vo admitted that she received a commission of $15,000 from Truc Huynh.

[3] As part of her plea agreement, Ms. Huynh signed a Statement of Facts and admitted under oath that she was extensively involved in the fraudulent visa scheme. For example, Ms. Huynh admitted under oath that she and her co-conspirators, including Hong Vo and Binh Vo, used secret email accounts and code names to conduct the business of the fraudulent visa scheme and to conceal their identities. Ms. Huynh also admitted under oath that she and others collected payments for the fraudulent visa applications, which were made in Vietnam and the United States. Ms. Huynh also admitted that she and her co-defendants Binh Vo, Alice Nguyen, Hong Vo, received biographical information and photographs for the visa customers by email and other means and used the information to prepare electronic visa applications. Ms. Huynh admitted that she sent biographical data or visa photographs for over 220 visa applicants to email accounts controlled by Binh Vo and other conspirators, and that each of those 220 applicants subsequently received visas issued by Defendant Sestak.

deposition to preserve her testimony pursuant to Fed. R. Crim. P. 15.  Ms. Huynh has completed her sentence and is detained by the Department of Homeland Security pending her removal from the United States.  The deposition has been postponed at the request of Ms. Huynh's personal counsel until a date after the hearing on this motion, which is currently scheduled for October 9, 2014.

**Subpoenas at Issue**

On July 14, 2014, the government issued subpoenas to the custodian of records at the Correctional Treatment Facility in the District of Columbia for the then existing trial date of September 16, 2014.[4]  After the recordings were received by the government, copies were made and immediately produced to counsel for Defendant Binh Vo.  As a courtesy, the government also produced copies of the recordings to personal counsel for Hong Vo and Truc Huynh, respectively.

On August 12, 2014, counsel for Hong Vo filed a motion to quash the subpoena to CTF arguing that it was issued in violation of Rule 17(c).  On September 11, 2014, counsel for Truc Huynh filed a virtually identical motion.

---

[4] Contrary to the movants' assertions, the government did not "direct" that the calls be produced prior to trial in violation of Rule 17(c).  As is the standard practice in this jurisdiction, in order to avoid delay and to permit the parties sufficient time to review the evidence in advance of trial, the subpoena invited CTF to produce the material prior to trial date stating, "In lieu of appearing before the Court on the date indicated, you may comply with this subpoena by promptly providing the undersigned Assistant U.S. Attorney with all visitation logs, call logs both attempted and completed, and recorded telephone calls pertaining to inmate [Hong Vo and Truc Huynh] … for the time period of June 2013 to January 2014." CTF was under no obligation to produce the calls prior to the trial date. Thus, the government was not required to file a motion for a court order pursuant to Rule 17(c)(1).

ARGUMENT

Pursuant to Rule 17(c)(2), upon a motion made promptly, the court may quash or modify a subpoena "if compliance would be unreasonable or oppressive."  The burden is on the movant to establish that a subpoena duces tecum should be quashed.  See Washington v. Thurgood Marshall Academy, 230 F.R.D. 18, 21 (D.D.C.  2005) (citing United States v. Nachamie, 91 F. Supp.2d 552, 559 (S.D.N.Y. 2000) (citations omitted).  "A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege, proprietary interest, or personal interest in the subpoenaed matter."  Id.  see also  Langford v. Chrysler Motors Corp., 513 F.2d 1121 (2d Cir.1975)  (no standing to object to a subpoena directed at a non-party absent a claim of privilege); Ponsford v. United States, 771 F.2d 1305, 1308 (9th Cir.1985) (no standing to quash a subpoena absent a proprietary interest in the documents sought).

In this case, the Correctional Treatment Facility ("CTF") complied with the government's subpoenas without objection and produced the material to the government in advance of trial. [5] Defendant Binh Vo has not challenged the subpoenas.  Ms. Vo and Ms. Huynh do not have pending cases before this Court and have not asserted any right, privilege, proprietary interest, or personal interest in the recorded phone calls. [6]  Hong Vo and Truc Huynh lack standing to

---

[5] Because CTF complied with the subpoenas and the recorded phone calls have already been produced to defendant Binh Vo's counsel, the motions should also be denied as moot.  See United States v. Garde, 848 F.2d 1307, 1309 (D.C. Cir. 1988) (finding that once the information sought was received by the opposing party in a whistleblower cause of action relating to nuclear safety programs at the NRC, the substance of the controversy vanished, rendering the matter moot); see also Crooker v. United States State Dept., 628 F.2d 9, 10 (D.C. Cir. 1980) (holding that a motion opposing the release of certain FBI documents in a FOIA case was moot because the disclosure were already made).

[6] Where, as here, inmates were made aware that the calls are being recorded via a message at the beginning of every call, they are deemed to have consented to the recording.  See United States v. Novak, 531 F.3d 99, 102 (1st Cir. 2008).

challenge the government's subpoenas for their jail house recordings and their motions to quash the subpoenas by should be denied. [7]

CONCLUSION

WHEREFORE, for the foregoing reasons, the United States submits that the motions by Hong Vo and Truc Huynh to quash the government's subpoenas for jail house recordings should be denied.

Respectfully submitted,

RONALD C. MACHEN JR.
United States Attorney
D.C. Bar Number 447889

By:      _____/s/_____
Brenda J. Johnson
Assistant United States Attorney
D.C. Bar No. 370737
(202) 252-7801
brenda.johnson@usdoj.gov

Alessio D. Evangelista
Assistant United States Attorney
D.C. Bar No. 456715
(202) 252-7247
alessio.evangelista@usdoj.gov

---

[7] Even if the court holds that Hong Vo and Truc Huynh have standing to challenge the subpoenas, that the controversy is not moot, and that the subpoenas required prior court authorization, the court should approve the subpoenas nunc pro tunc.  Undersigned government counsel have years of experience obtaining co-conspirator statements, statements against penal interest, and other evidence from recorded jail calls.   In light of the extensive participation by Ms. Vo and Ms. Huynh in the fraudulent visa scheme, and because it appears likely that Ms. Vo and Ms. Huynh will be uncooperative witnesses at the trial of their brother and cousin, Binh Vo, the government properly issued subpoenas for Ms. Vo and Ms. Huynh's jail house recordings.  The government's representations that some of the calls were irrelevant, which were made during the course of a discovery dispute with Binh Vo about whether the government was required to translate the calls, does not amount to an admission that the subpoenas were "fishing expeditions."